SCOTT W. EPSTEIN [SWE 5245]
Antin, Ehrlich & Epstein, LLP
49 West 37th Street, 7th Floor
New York, NY 10018
212-221-5999

GEORGE VOMVOLAKIS [GV 8251]
The Law Offices of George Vomvolakis
275 Madison Avenue, 35th Floor
New York, New York 10016
212-682-0700

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------X
ATHANASIA ZAPANTIS, as Administratrix of the Estate of
GEORGE ZAPANTIS, individually and the Estate of GEORGE
ZAPANTIS,

                                Plaintiffs,

    - against -

CITY OF NEW YORK (THE NEW YORK CITY POLICE
DEPARTMENT and THE NEW YORK CITY FIRE
DEPARTMENT/EMERGENCY MEDICAL SERVICES),
POLICE OFFICER CRISTIAN ALMEIDA, POLICE OFFICER
PHILIP SALOMONE, POLICE OFFICER JAMES
WALCZYK, POLICE OFFICER BRIAN WILLABUS,
POLICE OFFICER ERIC DIEUMEGARD, POLICE OFFICER
CARA SCRIVEN, POLICE OFFICER MATTHEW GILSON,
POLICE OFFICER DESIREE KAISEN, POLICE OFFICER
ANTHONY MISIANO, POLICE OFFICER CHRISTOPHER
VERA, POLICE OFFICER JAMES PATE, SERGEANT
JONATHON RIVERA, POLICE OFFICER JOSEPH LORIA,
POLICE OFFICER ANTHONY BRIGANDI, JOHN AND
JANE DOES – NYPD Police Officers as yet unidentified, JOHN
AND JANE DOES – EMS/EMT Workers as yet unidentified,
EMT ADONAY GONZALEZ, EMT CHRISTOPHER EATON,
PARAMEDIC AARON EMMONS, PARAMEDIC NICHOLAS
PAPAGIANAK, FLUSHING HOSPITAL AND MEDICAL CENTER
and NEW YORK PRESBYTERIAN/QUEENS,

                                Defendants.
-------------------------------------------------------------------------------X

**AMENDED**
**COMPLAINT**


**PLAINTIFFS DEMAND A**
**TRIAL BY JURY**


**ECF CASE**

**PARTIES, JURISDICTION and VENUE**

1. Plaintiff, ATHANASIA ZAPANTIS, is a 53 year old Greek female, who, at all times

    relevant to this action, was a resident of New York. She is the mother of Plaintiff's

    decedent, GEORGE ZAPANTIS.

2. Plaintiff's decedent, GEORGE ZAPANTIS, was 29 year old Greek-American male, who at all times relevant to this action, and prior to his demise on June 21, 2020, was a resident of Queens County, City and State of New York and a citizen of the United States.

3. Plaintiff, the Estate of GEORGE ZAPANTIS, is the Estate of Plaintiff's decedent, GEORGE ZAPANTIS, with Plaintiff, ATHANASIA ZAPANTIS, as its Administratrix pursuant to limited letter of administration issued in Surrogate's Court, State of New York, County of Queens on March 23, 2021.

## ORIGINAL DEFENDANTS

4. Defendant, CITY OF NEW YORK ("NYC"), is a municipality within the State of New York, which includes Queens County.

5. Defendant THE NEW YORK CITY POLICE DEPARTMENT ("NYPD"), is a municipal police department and an agency of the Defendant NYC.

6. Defendant THE NEW YORK CITY FIRE DEPARTMENT/EMERGENCY MEDICAL SERVICES ("FDNY"), is a municipal fire department and an agency of the Defendant NYC.

7. Upon information and belief, Defendant POLICE OFFICER CRISTIAN ALMEIDA, was at all relevant times a police officer with the NYPD assigned to the 109th Precinct. All actions by ALMEIDA complained of herein were taken in the course and scope of his employment and under color of law. ALMEIDA is being sued in both his individual and official capacities.

8. Upon information and belief, Defendant POLICE OFFICER PHILIP SALOMONE, was at all relevant times a police officer with the NYPD assigned to the 109th Precinct. All actions by SALOMONE complained of herein were taken in the course and scope of his

employment and under color of law. SALOMONE is being sued in both his individual and official capacities.

9. Upon information and belief, Defendant POLICE OFFICER JAMES WALCZYK, was at all relevant times a police officer with the NYPD assigned to the 109th Precinct. All actions by WALCZYK complained of herein were taken in the course and scope of his employment and under color of law. WALCZYK is being sued in both his individual and official capacities.

10. Upon information and belief, Defendant POLICE OFFICER BRIAN WILLABUS, was at all relevant times a police officer with the NYPD assigned to the 109th Precinct. All actions by WILLABUS complained of herein were taken in the course and scope of his employment and under color of law. WILLABUS is being sued in both his individual and official capacities.

11. Upon information and belief, Defendant POLICE OFFICER ERIC DIEUMEGARD, was at all relevant times a police officer with the NYPD assigned to the 109th Precinct. All actions by DIEUMEGARD complained of herein were taken in the course and scope of his employment and under color of law. DIEUMEGARD is being sued in both his individual and official capacities.

12. Upon information and belief, Defendant POLICE OFFICER CARA SCRIVEN, was at all relevant times a police officer with the NYPD assigned to the 109th Precinct. All actions by SCRIVEN complained of herein were taken in the course and scope of her employment and under color of law. SCRIVEN is being sued in both her individual and official capacities.

13. Upon information and belief, Defendant POLICE OFFICER MATTHEW GILSON, was

at all relevant times a police officer with the NYPD assigned to the 109th Precinct. All actions by GILSON complained of herein were taken in the course and scope of his employment and under color of law. GILSON is being sued in both his individual and official capacities.

14. Upon information and belief, Defendant POLICE OFFICER DESIREE KAISEN, was at all relevant times a police officer with the NYPD assigned to the 109th Precinct. All actions by KAISEN complained of herein were taken in the course and scope of her employment and under color of law. KAISEN is being sued in both her individual and official capacities.

15. Upon information and belief, Defendant POLICE OFFICER ANTHONY MISIANO, was at all relevant times a police officer with the NYPD assigned to the 109th Precinct. All actions by MISIANO complained of herein were taken in the course and scope of his employment and under color of law. MISIANO is being sued in both his individual and official capacities.

16. Upon information and belief, Defendant POLICE OFFICER CHRISTOPHER VERA, was at all relevant times a police officer with the NYPD assigned to the 109th Precinct. All actions by VERA complained of herein were taken in the course and scope of his/her employment and under color of law. VERA is being sued in both his/her individual and official capacities.

17. Upon information and belief, Defendant POLICE OFFICER JAMES PATE, was at all relevant times a police officer with the NYPD assigned to the 109th Precinct. All actions by PATE complained of herein were taken in the course and scope of his/her employment and under color of law. PATE is being sued in both his/her individual and official capacities.

4

18. Upon information and belief, Defendant SERGEANT JONATHON RIVERA, was at all relevant times a police officer with the NYPD assigned to the 109th Precinct. All actions by RIVERA complained of herein were taken in the course and scope of his/her employment and under color of law. RIVERA is being sued in both his/her individual and official capacities.

19. Upon information and belief, Defendant POLICE OFFICER JOSEPH LORIA, was at all relevant times a police officer with the NYPD assigned to the 109th Precinct. All actions by LORIA complained of herein were taken in the course and scope of his/her employment and under color of law. LORIA is being sued in both his/her individual and official capacities.

20. Upon information and belief, Defendant POLICE OFFICER ANTHONY BRIGANDI, was at all relevant times a police officer with the NYPD assigned to the 109th Precinct. All actions by BRIGANDI complained of herein were taken in the course and scope of his/her employment and under color of law. BRIGANDI is being sued in both his/her individual and official capacities.

21. Upon information and belief, Defendants JOHN AND JANE DOES – NYPD Police Officers as yet unidentified, are names of unidentified persons, who at all relevant times were police officers working with the NYPD. All actions by Defendants JOHN AND JANE DOES – NYPD Police Officers complained of herein were taken in the course and scope of their employment with defendant NYPD. JOHN AND JANE DOES are being sued in both their individual and official capacities.

22. Upon information and belief, Defendants JOHN AND JANE DOES – EMS/EMT Workers as yet unidentified, are names of unidentified persons, who at all relevant times were

5

EMS/EMT workers with the NYFD, believed to be assigned to the Emergency Services Unit. All actions by Defendants JOHN AND JANE DOES complained of herein were taken in the course and scope of their employment with defendant FDNY. JOHN AND JANE DOES are being sued in both their individual and official capacities.

### NEWLY ADDED DEFENDANTS

23. Upon information and belief, Defendant EMT ADONAY GONZALEZ, was at all relevant times an EMS/EMT worker with New York Presbyterian. All actions by GONZALEZ complained of herein were taken in the course and scope of his/her employment and under color of state law. GONZALEZ is being sued in both his/her individual and official capacities.

24. Upon information and belief, Defendant EMT CHRISTOPHER EATON, was at all relevant times an EMS/EMT worker with New York Presbyterian. All actions by EATON complained of herein were taken in the course and scope of his employment and under color of state law. EATON is being sued in both his individual and official capacities.

25. Upon information and belief, Defendant PARAMEDIC AARON EMMONS, was at all relevant times an EMS/EMT worker with Flushing Hospital. All actions by EMMONS complained of herein were taken in the course and scope of his/her employment and under color of state law. EMMONS is being sued in both his individual and official capacities.

26. Upon information and belief, Defendant PARAMEDIC NICHOLAS PAPAGIANAK, was at all relevant times an EMS/EMT worker with Flushing Hospital. All actions by PAPAGIANAK complained of herein were taken in the course and scope of his employment and under color of state law. PAPAGIANAK is being sued in both his individual and official capacities.

6

27. Upon information and belief, Defendant, FLUSHING HOSPITAL AND MEDICAL CENTER, was and still is a domestic corporation duly organized under and by virtue of the laws of the City and State of New York.

28. Upon information and belief, Defendant, FLUSHING HOSPITAL AND MEDICAL CENTER, was and still is a corporation doing business in the City and State of New York.

29. Upon information and belief, Defendants, EMMONS and PAPAGIANAK, were each agents, servants and/or employees of Defendant, FLUSHING HOSPITAL AND MEDICAL CENTER, and were acting within the course and scope of said agency, servitude and/or employment, and under the direction, supervision and/or control and with the permission and consent of the Original Defendants.

30. Upon information and belief, Defendant, NEW YORK PRESBYTERIAN/QUEENS, was and still is a domestic corporation duly organized under and by virtue of the laws of the City and State of New York.

31. Upon information and belief, Defendant, NEW YORK PRESBYTERIAN/QUEENS, was and still is a corporation doing business in the City and State of New York.

32. Upon information and belief, Defendants, GONZALEZ and EATON, were each agents, servants and/or employees of Defendant, NEW YORK PRESBYTERIAN/QUEENS, and were acting within the course and scope of said agency, servitude and/or employment, and under the direction, supervision and/or control and with the permission and consent of the remaining defendants

33. Upon information and belief, Defendants, FLUSHING HOSPITAL AND MEDICAL CENTER and NEW YORK PRESBYTERIAN/QUEENS were both part and parcel of the Original Defendant's Emergency Medical Services dispatch system.

34. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et. seq., specifically 28 U.S.C. § 1343 and 42 U.S.C. 1981, 1983, 1985 and pendent and ancillary jurisdiction.

35. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

36. The instant action is commenced against the Original Defendants within one year and ninety days of the date of accrual of all causes of action. A Notice of Claim against the original defendants was filed on behalf of the Plaintiff on August 21, 2020, within ninety days of the events that are the subject of this Complaint. (A copy of said Notice of Claim is annexed hereto and made a part hereof.) More than 30 days have elapsed since service of said Notice of Claim and no adjustment of the claim has been made.

37. That the Plaintiffs have duly complied with all statutes and laws applicable to the original Defendants precedent to the making of this claim and bringing this action.

**FACTS GIVING RISE TO THE CLAIMS**

38. On June 21, 2020 at approximately 9:30 PM, Plaintiff's decedent, GEORGE ZAPANTIS, was at his home, at or about 20-37 150th Street, Whitestone, NY.

39. Shortly thereafter, there was a loud knock on the door of the apartment and defendants POLICE OFFICER CRISTIAN ALMEIDA, POLICE OFFICER PHILIP SALOMONE, POLICE OFFICER JAMES WALCZYK, POLICE OFFICER BRIAN WILLABUS, POLICE OFFICER ERIC DIEUMEGARD, POLICE OFFICER CARA SCRIVEN, POLICE OFFICER MATTHEW GILSON, POLICE OFFICER DESIREE KAISEN, POLICE OFFICER ANTHONY MISIANO, POLICE OFFICER CHRISTOPHER VERA, POLICE OFFICER JAMES PATE, SERGEANT JONATHON RIVERA, POLICE OFFICER JOSEPH LORIA, POLICE OFFICER ANTHONY BRIGANDI and JOHN AND JANE DOES – NYPD Police Officers as yet unidentified (collectively defendants

"POLICE OFFICERS") demanded entry to the apartment.

40. Plaintiff's decedent, GEORGE ZAPANTIS, denied entry to his apartment to Defendants POLICE OFFICERS.

41. Over the course of the next several minutes to hours, Defendants continued banging on Plaintiff's decedent's, GEORGE ZAPANTIS, door demanding entry.

42. Defendants POLICE OFFICERS were not trained to handle a situation involving an emotionally disturbed person and/or individuals with psychiatric or mental health issues.

43. Defendants POLICE OFFICERS neglected to, and never did, call for supervision or the New York City Police Department Emergency Service Unit, which is trained for situations involving an emotionally disturbed person and/or individuals with psychiatric or mental health issues.

44. Shortly thereafter, GEORGE ZAPANTIS opened his door while leaving his screen door shut. Defendants then broke down the screen door and attacked plaintiff's decedent GEORGE ZAPANTIS.

45. Plaintiff's decedent, GEORGE ZAPANTIS, was grabbed by defendant POLICE OFFICERS and beaten by multiple defendants.

46. Plaintiff's decedent, GEORGE ZAPANTIS, was viciously assaulted and battered by numerous members of the NYPD assigned to the 109th Precinct, inclusive of multiple instances of him being assaulted with a taser gun.

47. Plaintiff's decedent, GEORGE ZAPANTIS, was thrown to the ground with unnecessary and excessive pressure applied to his body, his airway passages restricted causing him to be unable to breathe, and was otherwise viciously assaulted by numerous members of the NYPD assigned to the 109th Precinct, inclusive of multiple instances of him being assaulted

9

with a taser gun.

48. Plaintiff's decedent, GEORGE ZAPANTIS, was thrown to the ground with unnecessary and excessive pressure applied to his body, his airway passages restricted causing him to be unable to breathe, and was otherwise viciously assaulted by numerous members of the NYPD assigned to the 109th Precinct, inclusive of multiple instances of him being assaulted with a taser gun which resulted in his death.

49. Despite Plaintiff's decedent, GEORGE ZAPANTIS, dire medical situation, Defendants failed to provide any lifesaving medical aid or treatment to him, permitting him to die.

50. That on June 21, 2020, and at all times hereinafter mentioned and upon information and belief, plaintiff, decedent, GEORGE ZAPANTIS, suffered personal injuries from the assault and battery. While said defendants attempted to place, plaintiff's decedent, GEORGE ZAPANTIS, in custody, he was struck multiple times by taser and/or another conductive energy device by the defendant POLICE OFFICERs, causing the plaintiff's decedent, GEORGE ZAPANTIS, to suffer a cardiac arrest which resulted in his death.

51. That the use of a taser and/or another conductive energy device on the decedent plaintiff, GEORGE ZAPANTIS, was without reason or provocation.

52. That the use of a taser and/or another conductive energy device on the decedent plaintiff, GEORGE ZAPANTIS, was without probable cause.

53. The aforementioned use of a taser and/or another conductive energy device was performed knowingly, intentionally and willfully.

54. The aforementioned use of a taser and/or another conductive energy device was performed negligently and recklessly.

55. The aforementioned use of a taser and/or another conductive energy device caused the

decedent plaintiff, GEORGE ZAPANTIS to suffer a cardiac arrest which then led to his death.

56. That on June 21, 2020, and at all times hereinafter mentioned and upon information and belief, the discharge of taser and/or another conductive energy device by the Defendants POLICE OFFICERS, was in violation of police guidelines and protocol relating to the use or discharge of a taser and/or another conductive energy device.

57. That on June 21, 2020, Plaintiff's decedent, GEORGE ZAPANTIS, was not taken for necessary treatment despite the knowledge of his condition that each Defendant possessed.

58. That on June 21, 2020, and at all times hereinafter mentioned and upon information and belief, the Defendants POLICE OFFICERS, who committed the aforementioned assault, battery, false arrest and discharge of a taser and/or another conductive energy device upon the decedent plaintiff, GEORGE ZAPANTIS, which resulted in the suffering of a cardiac arrest and then to his death, were acting within the course and scope of their employment with the defendant, THE CITY OF NEW YORK.

59. That at all times hereinafter mentioned, the defendants, POLICE OFFICERS, engaged in the actions and conduct alleged herein in their official capacity as New York City police officers and under the color and authority of State law, regulation, ordinance, custom, and usage.

60. At no time during the events described above or as the events occurred did the Defendants POLICE OFFICERS, have a probable cause to use a taser and/or another conductive energy device on the decedent plaintiff, GEORGE ZAPANTIS.

61. By reason of said assault, battery, and the use of a taser and/or another conductive energy device, the decedent plaintiff, GEORGE ZAPANTIS, was caused to suffer severe physical

injuries, conscious pain and suffering including a cardiac arrest, emotional and psychological distress and horror and fear of his impending death, and ultimately his death as a result of the intentional acts and/or negligence of the defendants herein.

62. The newly added defendants were called to the scene to treat the plaintiff decedent, GEORGE ZAPANTIS, by defendant THE CITY OF NEW YORK's Emergency Medical Services dispatch system.

63. The newly added defendants failed to timely and/or properly treat the plaintiff decedent's medical condition.

## FIRST CLAIM AGAINST ALL ORIGINAL DEFENDANTS
### (§1983 – FALSE ARREST)

64. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 63 of the Complaint as if incorporated and reiterated herein.

65. By arresting plaintiff's decedent, GEORGE ZAPANTIS, without legal authority on June 21, 2020, defendant POLICE OFFICERS acting individually and together violated plaintiff's decedent's, GEORGE ZAPANTIS, rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

66. By reason thereof, defendants POLICE OFFICERS violated 42 U.S.C. §1983 and caused the decedent plaintiff, GEORGE ZAPANTIS, to suffer physical injuries, emotional distress, mental anguish, and the loss of his Constitutional rights.

## SECOND CLAIM AGAINST ALL ORIGINAL DEFENDANTS
### (STATE – FALSE ARREST)

67. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 66 of the Complaint as if incorporated and reiterated herein.

68. By arresting plaintiff's decedent, GEORGE ZAPANTIS, without legal authority on June

21, 2020, defendant POLICE OFFICERS activing individually and together violated plaintiff's decedent's, GEORGE ZAPANTIS, rights under New York law.

69. By reason thereof, defendants POLICE OFFICERS caused plaintiff's decedent's, GEORGE ZAPANTIS, to suffer physical injuries, emotional distress, mental anguish and the loss of his rights under New York law.

70. Because defendants POLICE OFFICERS acted within the course and scope of their duties as members of the NYPD, Defendant NYC is also liable under this claim based on a theory of *respondeat superior*.

### THIRD CLAIM AGAINST ALL ORIGINAL DEFENDANTS
### (§1983 – EXCESSIVE FORCE)

71. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 70 of the Complaint as if incorporated and reiterated herein.

72. By slamming and tasering Plaintiff's decedent's, GEORGE ZAPANTIS, and throwing him to the ground with unnecessary and excessive pressure applied to his body, and restricting his airway passages causing him to be unable to breathe without legal cause or justification, defendants POLICE OFFICERS subjected Plaintiff's decedent's, GEORGE ZAPANTIS, to the use of excessive force in performance of their police duties in violation of the Fourteenth Amendment of the United States Constitution. Specifically, the right to be free from the use of excessive police force under the color of law.

73. By reason thereof, defendants POLICE OFFICERS caused plaintiff's decedent's, GEORGE ZAPANTIS, to suffer physical injuries, emotional distress, mental anguish and the loss of his constitutional rights.

### FOURTH CLAIM AGAINST ALL ORIGINAL DEFENDANTS
### (STATE – EXCESSIVE FORCE)

13

74. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 73 of the Complaint as if incorporated and reiterated herein.

75. By slamming and tasering Plaintiff's decedent's, GEORGE ZAPANTIS, and throwing him to the ground with unnecessary and excessive pressure applied to his body, and restricting his airway passages causing him to be unable to breathe without legal cause or justification, defendants POLICE OFFICERS subjected Plaintiff's decedent's, GEORGE ZAPANTIS, to the use of excessive force in performance of their police duties.

76. By reason thereof, defendants POLICE OFFICERS caused plaintiff's decedent's, GEORGE ZAPANTIS, to suffer physical injuries, emotional distress, mental anguish and the loss of his rights under New York law.

77. Because defendants POLICE OFFICERS acted within the course and scope of their duties as members of the NYPD, Defendant NYC is also liable under this claim based on a theory of *respondeat superior*.

**FIFTH CLAIM AGAINST ALL ORIGINAL DEFENDANTS**
**(ASSAULT)**

78. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 77 of the Complaint as if incorporated and reiterated herein.

79. By approaching Plaintiff's decedent's, GEORGE ZAPANTIS, home and person without his consent or probable cause and threatening him with arrest and physical violence without legal cause or justification, defendants POLICE OFFICERS subjected Plaintiff's decedent's, GEORGE ZAPANTIS, to assault in performance of their police duties.

80. By reason thereof, defendants POLICE OFFICERS caused plaintiff's decedent's, GEORGE ZAPANTIS, to suffer physical injuries, emotional distress, mental anguish and the loss of his rights under New York law.

14

81. Because defendants POLICE OFFICERS acted within the course and scope of their duties as members of the NYPD, Defendant NYC is also liable under this claim based on a theory of *respondeat superior*.

## SIXTH CLAIM AGAINST ALL ORIGINAL DEFENDANTS
## (BATTERY)

82. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 81 of the Complaint as if incorporated and reiterated herein.

83. By slamming and tasering Plaintiff's decedent's, GEORGE ZAPANTIS, and throwing him to the ground with unnecessary and excessive pressure applied to his body, and restricting his airway passages causing him to be unable to breathe without legal cause or justification, defendants POLICE OFFICERS subjected Plaintiff's decedent's, GEORGE ZAPANTIS, to battery in performance of their police duties.

84. By reason thereof, defendants POLICE OFFICERS caused plaintiff's decedent's, GEORGE ZAPANTIS, to suffer physical injuries, emotional distress, mental anguish and the loss of his rights under law.

85. Because defendants POLICE OFFICERS acted within the course and scope of their duties as members of the NYPD, Defendant NYC is also liable under this claim based on a theory of *respondeat superior*.

## SEVENTH CLAIM AGAINST ALL ORIGINAL DEFENDANTS
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

86. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 85 of the Complaint as if incorporated and reiterated herein.

87. Plaintiff's decedent's, GEORGE ZAPANTIS, was unlawfully detained, restrained, assaulted and battered without legal cause or justification, by defendants POLICE

OFFICERS which subjected Plaintiff's decedent's, GEORGE ZAPANTIS, to intentional infliction of emotional distress by defendants POLICE OFFICERS in performance of their police duties.

88. By reason thereof, defendants POLICE OFFICERS caused plaintiff's decedent's, GEORGE ZAPANTIS, to suffer physical injuries, emotional distress, mental anguish and the loss of his rights under law.

89. Because defendants POLICE OFFICERS acted within the course and scope of their duties as members of the NYPD, Defendant NYC is also liable under this claim based on a theory of *respondeat superior*.

### EIGHTH CLAIM AGAINST ALL ORIGINAL DEFENDANTS
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

90. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 89 of the Complaint as if incorporated and reiterated herein.

91. Plaintiff's decedent's, GEORGE ZAPANTIS, was unlawfully detained, restrained, assaulted and battered without legal cause or justification, by defendants POLICE OFFICERS which subjected Plaintiff's decedent's, GEORGE ZAPANTIS, to negligent infliction of emotional distress by defendants POLICE OFFICERS in performance of their police duties.

92. By reason thereof, defendants POLICE OFFICERS caused plaintiff's decedent's, GEORGE ZAPANTIS, to suffer physical injuries, emotional distress, mental anguish and the loss of his rights under law.

93. Because defendants POLICE OFFICERS acted within the course and scope of their duties as members of the NYPD, Defendant NYC is also liable under this claim based on a theory of *respondeat superior*.

## NINTH CLAIM AGAINST ALL ORIGINAL DEFENDANTS
### (CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. 1981, 1983, and 1985)

94. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 93 of the Complaint as if incorporated and reiterated herein.

95. That at all times hereinafter mentioned, the defendants, POLICE OFFICERS, engaged in the actions and conduct alleged herein in their official capacity as a New York City police officer and under the color and authority of State law, regulation, ordinance, custom, and usage.

96. That such actions served to deprive the decedent plaintiff, GEORGE ZAPANTIS, of the rights and privileges of the United States Constitution, 42 U.S.C. 1981, 1983 and 1985. In particular, he was deprived of his right to due process of law, of his right to happiness, to liberty, to be free from physical injury and the unwarranted use of physical force, and ultimately to the most fundamental right -his right to life.

97. That the defendant, THE CITY OF NEW YORK, had as a matter of policy and practice and with deliberate indifference failed to adequately train, supervise, discipline, sanction or otherwise direct it's police officers, including the officers at the scene in this case, regarding the protection of the constitutional rights of citizens.

98. Such policy, practice and deliberate indifference has been described in excruciating detail in the various investigations and commissions into the Police Department. It has served to encourage and sanction the police officers' unlawful conduct described above, and was the proximate cause of the violations of the decedent plaintiff, GEORGE ZAPANTIS's, Constitutional rights on the day of June 21, 2020.

## TENTH CLAIM AGAINST ALL ORIGINAL DEFENDANTS
### (CIVIL RIGHTS VIOLATION OF CIVIL RIGHTS UNDER ARTICLE 1, SECTION 12 OF THE NEW YORK STATE CONSITUTION)

99. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 98 of the Complaint as if incorporated and reiterated herein.

100.    That such actions described above by Defendants POLICE OFFICERS served to deprive the decedent plaintiff, GEORGE ZAPANTIS, of the rights and privileges of the Constitution of the State of New York, Article 1, Section 12. In particular, he was deprived of his right to due process of law, of his right to happiness, to liberty, to be free from physical injury and the unwarranted use of physical force, and ultimately to the most fundamental right -his right to life.

101.    That the defendant, THE CITY OF NEW YORK, had as a matter of policy and practice and with deliberate indifference failed to adequately train, supervise, discipline, sanction or otherwise direct its police officers, including the officers at the scene in this case, regarding the protection of the constitutional rights of citizens.

102.    Such policy, practice and deliberate indifference has been described in excruciating detail in the various investigations and commissions into the Police Department. It has served to encourage and sanction the police officers' unlawful conduct described above, and was the proximate cause of the violations of the decedent plaintiff, GEORGE ZAPANTIS's, civil rights on the day of June 21, 2020.

## ELEVENTH CLAIM AGAINST ALL ORIGINAL DEFENDANTS
## (NEGLIGENT HIRING AND RETENTION)

103.    Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 102 of the Complaint as if incorporated and reiterated herein.

104.    That the defendant, THE CITY OF NEW YORK, did not exercise reasonable care and diligence in the selection, engagement, employment and training of their agents,

servants, and employees and were negligent in the hiring, training and retention of defendants POLICE OFFICERS, who assaulted, battered and improperly use a taser and/or another conductive energy device on the decedent plaintiff, GEORGE ZAPANTIS, who suffered injuries including a cardiac arrest which, who failed to render timely and/or proper care to plaintiff's decedent, which ultimately led to his death.

105.     That the defendant, THE CITY OF NEW YORK, did not exercise reasonable care and diligence in the selection, engagement, employment and training of their agents, servants, and employees and were negligent in the hiring, training and retention of defendants POLICE OFFICERS, who failed to act as reasonably prudent police officers would have under the circumstances after the use a taser and/or another conductive energy device on the decedent plaintiff, GEORGE ZAPANTIS, who suffered injuries including a cardiac arrest which ultimately led to his death.

106.     That the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY FIRE DEPARTMENT/EMERGENCY MEDICAL SERVICES, did not exercise reasonable care and diligence in the selection, engagement, employment and training of their agents, servants, and employees and were negligent in the hiring, training and retention of JOHN AND JANE DOES – EMS/EMT Workers as yet unidentified, whose names are not known or identified, who failed to render proper and/or timely care to decedent plaintiff, GEORGE ZAPANTIS, who suffered injuries including a cardiac arrest which ultimately led to his death.

107.     That the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY FIRE DEPARTMENT/EMERGENCY MEDICAL SERVICES, did not exercise reasonable care and diligence in the selection, engagement, employment and training of

their agents, servants, and employees and were negligent in the hiring, training and retention of JOHN AND JANE DOES – EMS/EMT Workers as yet unidentified, whose names are not known or identified, who failed to act as reasonably prudent EMTs/Paramedics would have under the circumstances after the use a taser and/or another conductive energy device on the decedent plaintiff, GEORGE ZAPANTIS, who suffered injuries including a cardiac arrest which ultimately led to his death..

108.     That the defendant, THE CITY OF NEW YORK, had prior knowledge of the inappropriate, unlawful, and improper conduct of the defendants, and continued to employ them and allowed them to be in contact with the public at large.

109.     As the result of said negligence, the decedent plaintiff, GEORGE ZAPANTIS, was caused to suffer severe physical injuries and pain and suffering including a cardiac arrest resulting in death, including pre-death pain and suffering; emotional and psychological distress and horror.

### TWELTH CLAIM AGAINST ALL ORIGINAL DEFENDANTS (NEGLIGENCE)

110.     Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 109 of the Complaint as if incorporated and reiterated herein.

111.     That said incident and the injuries including the suffering of a cardiac arrest and death of the decedent plaintiff, GEORGE ZAPANTIS, as a result of a taser and/or another conductive energy device was caused solely by the negligence, carelessness, and recklessness of defendant, THE CITY OF NEW YORK, through its agents, servants, employees and the police officers involved, including defendants THE NEW YORK CITY POLICE         DEPARTMENT,         THE         NEW         YORK         CITY         FIRE DEPARTMENT/EMERGENCY MEDICAL SERVICES, POLICE OFFICER CRISTIAN

20

ALMEIDA, POLICE OFFICER PHILIP SALOMONE, POLICE OFFICER JAMES
WALCZYK, POLICE OFFICER BRIAN WILLABUS, POLICE OFFICER ERIC
DIEUMEGARD, POLICE OFFICER CARA SCRIVEN, POLICE OFFICER MATTHEW
GILSON, POLICE OFFICER DESIREE KAISEN, POLICE OFFICER ANTHONY
MISIANO, POLICE OFFICER CHRISTOPHER VERA, POLICE OFFICER JAMES
PATE, SERGEANT JONATHON RIVERA, POLICE OFFICER JOSEPH LORIA,
POLICE OFFICER ANTHONY BRIGANDI, JOHN AND JANE DOES – NYPD Police
Officers as yet unidentified and  JOHN AND JANE DOES -- EMS/EMT, both directly and
vicariously.

112.     Such negligence consisted of negligence in training, hiring, supervision and
retention of the police officers involved in this incident; in failing to properly train police
officers, including but not limited to defendants POLICE OFFICERS , in the use and
operation of a taser gun/ or another conductive energy device; in failing to observe the
existing police department protocols for police officers designed to govern the use of
deadly lethal force and the use and discharge of a taser gun causing serious injuries both
physical and emotional resulting in death, conscious pain and suffering, pre impact terror
arising and resulting the use of a taser and/or another conductive energy device on the
plaintiff and further; in failing to use care in the performance of police duties as reasonably
prudent and careful police officers would have used in similar circumstances; in hiring and
retaining persons who were unfit to serve as police officers; failing to properly investigate
their background; in failing to train and instruct police officers, especially regarding the
use and abuse of power while in the field; in failing to give police officers proper
instructions on the use of force, use of a taser gun/ or another conductive energy device

including proper discharge of said weapons, more specifically with regard to their training as to the use of a taser and/or another conductive energy device in public; improperly supervised police officers in the field; failing to properly supervise the officers in the field, including the officers, the staff, administration and processing of persons suspected of violating laws of this State which allowed the death of the decedent plaintiff, GEORGE ZAPANTIS, and the improper assembly of a taser and/or another conductive energy device by said officers immediately prior to its use on the decedent plaintiff, GEORGE ZAPANTIS, which resulted in his death.

113.     Such negligence consisted of negligence in training, hiring, supervision and retention of the police officers involved in this incident; in failing to properly train police officers, including but not limited to defendants POLICE OFFICERS, with regards to proper conduct and responses under a variety of situations, including but not limited to handling situations involving emotionally disturbed persons; in failing to properly supervise officers in the field, including but not limited to defendants POLICE OFFICERS, as well as the staff and administration in the process of persons suspected of violating the laws of this State, specifically the decedent plaintiff, GEORGE ZAPANTIS, who suffered a cardiac arrest and then led to his death after the use of taser and/or another conductive energy device by the defendants, POLICE OFFICERS; in failing to implement an appropriate system for dispatching officers, including the officers herein, to handle situations involving emotionally disturbed persons, specifically decedent plaintiff, GEORGE ZAPANTIS, who was assaulted, battered and injured as well as suffering a cardiac arrest after being struck by taser and/or another conductive energy device which ultimately led to his death.

114.    Such negligence on the part of defendant THE NEW YORK CITY FIRE
DEPARTMENT/EMERGENCY MEDICAL SERVICES consisted of negligence in
training, hiring, supervision and retention of the EMS/EMT workers involved in this
incident; in failing to properly train EMTs/Paramedics, including but not limited to
EMS/EMT Workers as yet unidentified, whose names are not known or identified, with
regards to proper conduct and responses under a variety of situations, including but not
limited to handling situations involving emotionally disturbed persons; in failing to
properly supervise EMTs/Paramedics in the field, including but not limited to EMS/EMT
Workers as yet unidentified, as well as the staff and administration in the process of persons
suspected of violating the law of this State, specifically the decedent plaintiff, GEORGE
ZAPANTIS, who suffered a cardiac arrest and then led to his death after the use of taser
and/or another conductive energy device by the defendants, in failing to implement an
appropriate system for dispatching EMTs/Paramedics, including the EMTs/Paramedics
herein, to handle situations involving emotionally disturbed persons, specifically decedent
plaintiff, GEORGE ZAPANTIS, who was assaulted, battered and injured as well as
suffering a cardiac arrest after being struck by taser and/or another conductive energy
device which ultimately led to his death.

115.    The defendant, THE CITY OF NEW YORK, through its agents, servants,
employees and the police officers involved, was negligent, reckless and careless in the use
of a taser and/or another conductive energy device on the decedent plaintiff, GEORGE
ZAPANTIS.

116.    As the result of said negligence, the decedent plaintiff, GEORGE ZAPANTIS, was
caused to suffer severe physical injuries and pain and suffering including a cardiac arrest

resulting in death, including pre-death pain and suffering; emotional and psychological distress and horror.

## THIRTEENTH CLAIM AGAINST THE ORIGINAL DEFENDANTS
## (MONELL CLAIM)

117. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 116 of the Complaint as if incorporated and reiterated herein.

118. Defendant NYC and the NYPD had a duty to competently and sufficiently train the individual Defendants in the protection of the constitutional rights of Plaintiffs under the Fourteenth Amendment of the United States Constitution and Article 1, §§ 8, 11 and 12 of the Constitution of the State of New York.

119. In addition, Defendant NYC and the NYPD had the duty to competently and sufficiently train and supervise the individual defendants to conform their conduct to a standard, established by law, for the protection of citizens, such as Plaintiff's decedent, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly, and/or negligently inflict injuries to citizens, such as the Plaintiffs herein.

120. Defendant NYC and the NYPD, its agents, servants and employees, were negligent in failing to afford the individual defendants the proper and special training, supervision and discipline necessary for the investigation and prosecution of persons, such that the conduct of the individual Defendants herein would not occur.

121. Specifically, Defendants NYC and the NYPD failed to properly train and supervise its member police officers in the treatment of individuals with psychiatric or mental health issues. Instead, Defendant NYC and the NYPD, have condoned the assault and arrest of persons with emergent mental health needs.

24

122. By reason thereof, Defendant NYC and the NYPD violated 42 U.S.C. §1983 and caused Plaintiff's decedent to suffer physical injuries, emotional distress, mental anguish, the loss of his constitutional rights and death.

### FOURTEENTH CLAIM AGAINST THE ORIGINAL DEFENDANTS (MONELL CLAIM)

123. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 122 of the Complaint as if incorporated and reiterated herein.

124. By using unwarranted physical force against Plaintiff's decedent GEORGE ZAPANTIS commanding his arrest without legal justification or even an inquiry into what had occurred prior to issuing that unlawful order, Defendants NYPD and its responding Officers violated plaintiff's constitutional rights.

125. Defendant NYC and the NYPD had a duty to competently and sufficiently train the individual Defendants in the protection of the constitutional rights of Plaintiffs under the Fourteenth Amendment of the United States Constitution and Article 1, §§ 8, 11 and 12 of the Constitution of the State of New York.

126. In addition, Defendant NYC and the NYPD had the duty to competently and sufficiently train and supervise the individual defendants to conform their conduct to a standard, established by law, for the protection of citizens, such as Plaintiff's decedent, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly, and/or negligently inflict injuries to citizens, such as the Plaintiff's decedent herein.

127. By reason thereof, Defendant NYC and the NYPD violated 42 U.S.C. §1983 and caused Plaintiff's decedent to suffer physical injuries, emotional distress, mental anguish, the loss of his constitutional rights and death.

### FIFTEENTH CLAIM AGAINST THE ORIGINAL DEFENDANTS
### (DELIBERATE INDEFFERANCE)

128. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 127 of the Complaint as if incorporated and reiterated herein.

129. Defendants were deliberately indifferent to Plaintiff's decedent's serious medical condition within the meaning of the Eighth and Fourteenth Amendments to the United States Constitution.

130. By reason thereon, Defendants have violated 42 U.S.C. Section 1983 and caused Plaintiff's decedent, GEORGE ZAPANTIS, to suffer the loss of his constitutional rights, severe physical injuries, conscious pain and suffering including a cardiac arrest, emotional and psychological distress and horror and fear of his impending death, and ultimately his death.

### SIXTEENTH CLAIM AGAINST THE ORIGINAL DEFENDANTS
### (STATE - MEDICAL MALPRACTICE)

131. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 130 of the Complaint as if incorporated and reiterated herein.

132. Defendant, THE NEW YORK CITY FIRE DEPARTMENT/EMERGENCY MEDICAL SERVICES, its agents, servants and/or employees operated, maintained, managed, controlled and supervised the aforesaid emergency medical response team, which held itself out to the public at large and, more particularly, to the plaintiff herein, as qualified and capable of rendering adequate emergency medical treatment to the public at large and for such purposes hired EMTs and other personnel.

133. That defendants, THE NEW YORK CITY FIRE DEPARTMENT/EMERGENCY MEDICAL SERVICES, and JOHN AND JANE DOES – EMS/EMT Workers as yet

unidentified, their agents, servants, physicians, EMTs/Paramedics and/or employees rendered emergency medical care/treatment, including but not limited to treatment to plaintiff following his assault, battery and tasering, in a negligent, reckless and careless manner not in accordance and conformity with good and accepted medical/surgical practice and procedure and committed medical malpractice.

134. By reason thereof, Defendant NYC and the NYPD caused Plaintiff's decedent to suffer physical injuries, emotional distress, mental anguish, the loss of his legal rights and death.

135. Because defendants POLICE OFFICERS acted within the course and scope of their duties as members of the NYPD, Defendant NYC is also liable under this claim based on a theory of *respondeat superior*.

## SEVENTEENTH CLAIM AGAINST THE ORIGINAL DEFENDANTS
### (WRONGFUL DEATH)

136. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 135 of the Complaint as if incorporated and reiterated herein.

137. That on June 21, 2020 and prior thereto, the plaintiffs' decedent, GEORGE ZAPANTIS, was in good physical health, productive, and in possession of all of his faculties.

138. That on June 21, 2020, and at all times hereinafter mentioned and upon information and belief, the decedent plaintiff, GEORGE ZAPANTIS, was lawfully at the aforesaid location when he was caused to be struck by a taser and/or another conductive energy device as a result in suffering a cardiac arrest which resulted in his death by defendants, defendants POLICE OFFICERS, while acting within the course and scope of their employment with the defendants, THE CITY OF NEW YORK.

139. That at all times hereinafter mentioned, defendants, POLICE OFFICERS, engaged in the actions and conduct alleged herein in their official capacity as New York City Police

Officer and under the color and authority of State law, regulation, ordinance, custom, and usage.

140. That the plaintiffs' decedent, GEORGE ZAPANTIS, decedent died as a result of his injuries sustained on June 21, 2020.

141. That the plaintiffs' decedent, GEORGE ZAPANTIS, is survived by his mother and family.

142. That the plaintiffs' decedent, GEORGE ZAPANTIS, heirs at law and next of kin sustained pecuniary loss as a result of his death including but not limited to and in addition to, the loss of maintenance, support, comfort, society, companionship, and services.

143. By reason of the foregoing, the plaintiff, ATHANASIA ZAPANTIS, as Administrator of the Estate of GEORGE ZAPANTIS, demands judgment for wrongful death against the defendants.

**EIGTEENTH CLAIM AGAINST NEWLY ADDED DEFENDANTS**
**(CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. 1981, 1983, and 1985)**

144. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 143 of the Complaint as if incorporated and reiterated herein.

145. That at all times hereinafter mentioned, the defendant EMTs/Paramedics engaged in the actions and conduct alleged herein in their official capacity as EMTs/Paramedics and under the color and authority of State law, regulation, ordinance, custom, and usage.

146. That such actions served to deprive the decedent plaintiff, GEORGE ZAPANTIS, of the rights and privileges of the United States Constitution, 42 U.S.C. 1981, 1983 and 1985. In particular, he was deprived of his right to happiness, to liberty, to be free from physical injury and ultimately to the most fundamental right -his right to life.

147. That the defendants, FLUSHING HOSPITAL AND MEDICAL CENTER and NEW

28

YORK PRESBYTERIAN/QUEENS, had as a matter of policy and practice and with deliberate indifference failed to adequately train, supervise, discipline, sanction or otherwise direct it's EMTs/Paramedics, including the EMTs/Paramedics at the scene in this case, regarding the protection of the constitutional rights of citizens.

148. Such policy, practice and deliberate indifference has been described in excruciating detail in the various investigations and commissions into the EMTs/Paramedics. It has served to encourage and sanction the EMTs/Paramedics unlawful conduct described above, and was the proximate cause of the violations of the decedent plaintiff, GEORGE ZAPANTIS's, Constitutional rights on the day of June 21, 2020.

### NINETEENTH CLAIM AGAINST NEWLY ADDED DEFENDANTS
### (CIVIL RIGHTS VIOLATION OF CIVIL RIGHTS UNDER ARTICLE 1, SECTION 12 OF THE NEW YORK STATE CONSITUTION)

149. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 148 of the Complaint as if incorporated and reiterated herein.

150. That such actions described above by the defendant EMTs/Paramedics served to deprive the decedent plaintiff, GEORGE ZAPANTIS, of the rights and privileges of the Constitution of the State of New York, Article 1, Section 12. In particular, he was deprived of his right to happiness, to liberty, to be free from physical injury and the unwarranted use of physical force, and ultimately to the most fundamental right -his right to life.

151. That the defendants, FLUSHING HOSPITAL AND MEDICAL CENTER and NEW YORK PRESBYTERIAN/QUEENS, had as a matter of policy and practice and with deliberate indifference failed to adequately train, supervise, discipline, sanction or otherwise direct its EMTs/Paramedics, including the EMTs/Paramedics at the scene in this case, regarding the protection of the constitutional rights of citizens.

29

152. Such policy, practice and deliberate indifference has been described in excruciating detail in the various investigations and commissions into the EMTs/Paramedics. It has served to encourage and sanction the EMTs/Paramedics unlawful conduct described above, and was the proximate cause of the violations of the decedent plaintiff, GEORGE ZAPANTIS's, civil rights on the day of June 21, 2020.

### TWENTIETH CLAIM AGAINST NEWLY ADDED DEFENDANTS
### (NEGLIGENT HIRING, RETENTION, TRAINING and SUPERVISION)

153. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 152 of the Complaint as if incorporated and reiterated herein.

154. That the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY FIRE DEPARTMENT/EMERGENCY MEDICAL SERVICES, did not exercise reasonable care and diligence in the selection, engagement, employment, training and supervision of their agents, servants, and employees and were negligent, under the color and authority of state law, in the hiring, training and retention of EMT ADONAY GONZALEZ, EMT CHRISTOPHER EATON, PARAMEDIC AARON EMMONS, PARAMEDIC NICHOLAS PAPAGIANAK, as well as JOHN AND JANE DOES – EMS/EMT Workers as yet unidentified, whose names are not known or identified, who failed to render proper and/or timely care to decedent plaintiff, GEORGE ZAPANTIS, who suffered injuries including a cardiac arrest which ultimately led to his death.

155. That the defendants, FLUSHING HOSPITAL AND MEDICAL CENTER and NEW YORK PRESBYTERIAN/QUEENS, did not exercise reasonable care and diligence in the selection, engagement, employment, training and supervision of their agents, servants, and employees and were negligent, under the color and authority of state law, in the hiring, training and retention of EMT ADONAY GONZALEZ, EMT CHRISTOPHER EATON,

30

PARAMEDIC AARON EMMONS, PARAMEDIC NICHOLAS PAPAGIANAK, as well as JOHN AND JANE DOES – EMS/EMT Workers as yet unidentified, whose names are not known or identified, who failed to act as reasonably prudent EMTs/Paramedics would have under the circumstances after the use a taser and/or another conductive energy device on the decedent plaintiff, GEORGE ZAPANTIS, who suffered injuries including a cardiac arrest which ultimately led to his death.

156. That the defendant, THE CITY OF NEW YORK and THE NEW YORK CITY FIRE DEPARTMENT/EMERGENCY MEDICAL SERVICES, had prior knowledge of the inappropriate, unlawful, and improper conduct of the defendants, and continued to employ them and allowed them to be in contact with the public at large.

157. That the defendant, FLUSHING HOSPITAL MEDICAL CENTER and NEW YORK PRESBYTERIAN/QUEENS, had prior knowledge of the inappropriate, unlawful, and improper conduct of the defendants, and continued to employ them and allowed them to be in contact with the public at large.

158. As the result of said negligence, the decedent plaintiff, GEORGE ZAPANTIS, was caused to suffer severe physical injuries and pain and suffering including a cardiac arrest resulting in death, including pre-death pain and suffering; emotional and psychological distress and horror.

### TWENTY FIRST CLAIM AGAINST NEWLY ADDED DEFENDANTS
### (NEGLIGENCE)

159. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 158 of the Complaint as if incorporated and reiterated herein.

160. The defendants FLUSHING HOSPITAL MEDICAL CENTER and NEW YORK PRESBYTERIAN/QUEENS, through its agents, servants, employees, and pursuant to

*respondeat superior,* and the newly added EMTs/Paramedics, were negligent, reckless and careless in rendering timely and/or adequate medical treatment to the decedent plaintiff, GEORGE ZAPANTIS.

161. As the result of said negligence, the decedent plaintiff, GEORGE ZAPANTIS, was caused to suffer severe physical injuries and pain and suffering including a cardiac arrest resulting in death, including pre-death pain and suffering; emotional and psychological distress and horror.

## TWENTY SECOND CLAIM AGAINST NEWLY ADDED DEFENDANTS
## (MONELL CLAIM)

162. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 161 of the Complaint as if incorporated and reiterated herein.

163. Defendants FLUSHING HOSPITAL AND MEDICAL CENTER and NEW YORK PRESBYTERIAN/QUEENS had a duty to competently and sufficiently train the individual EMTs/Paramedics in the protection of the constitutional rights of Plaintiffs under the Fourteenth Amendment of the United States Constitution and Article 1, §§ 8, 11 and 12 of the Constitution of the State of New York.

164. In addition, FLUSHING HOSPITAL AND MEDICAL CENTER and NEW YORK PRESBYTERIAN/QUEENS had the duty to competently and sufficiently train and supervise the individual EMTs/Paramedics to conform their conduct to a standard, established by law, for the protection of citizens, such as Plaintiff's decedent, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly, and/or negligently inflict injuries to citizens, such as the Plaintiffs herein.

165. Defendant FLUSHING HOSPITAL AND MEDICAL CENTER and NEW YORK

PRESBYTERIAN/QUEENS, its agents, servants and employees, were negligent in failing to afford the individual EMTs/Paramedics the proper and special training, supervision and discipline necessary for rendering adequate emergency medical treatment, such that the conduct of the individual EMTs/Paramedics herein would not occur.

166. Specifically, Defendants FLUSHING HOSPITAL MEDICAL CENTER and NEW YORK PRESBYTERIAN/QUEENS failed to properly train and supervise its member EMTs/Paramedics in the treatment of individuals with psychiatric or mental health issues. Instead, Defendants FLUSHING HOSPITAL AND MEDICAL CENTER and NEW YORK PRESBYTERIAN/QUEENS, have condoned rendering inadequate emergency medical treatment for individuals, such as Plaintiff's decedent, with emergent mental health needs.

167. By reason thereof, Defendants violated 42 U.S.C. §1983 and caused Plaintiff's decedent to suffer physical injuries, emotional distress, mental anguish, the loss of his constitutional rights and death.

**TWENTY THIRD CLAIM AGAINST NEWLY ADDED DEFENDANTS**
**(MONELL CLAIM)**

168. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 167 of the Complaint as if incorporated and reiterated herein.

169. By failing to competently and sufficiently train and supervise the individual EMTs/Paramedics Defendants FLUSHING HOSPITAL AND MEDICAL CENTER and NEW YORK PRESBYTERIAN/QUEENS violated plaintiff's constitutional rights.

170. Defendants FLUSHING HOSPITAL AND MEDICAL CENTER and NEW YORK PRESBYTERIAN/QUEENS had a duty to competently and sufficiently train the individual EMTs/Paramedics in the protection of the constitutional rights of Plaintiffs

under the Fourteenth Amendment of the United States Constitution and Article 1, §§ 8, 11 and 12 of the Constitution of the State of New York.

171. In addition, Defendant FLUSHING HOSPITAL AND MEDICAL CENTER and NEW YORK PRESBYTERIAN/QUEENS had the duty to competently and sufficiently train and supervise the individual EMTs/Paramedics to conform their conduct to a standard, established by law, for the protection of citizens, such as Plaintiff's decedent, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly, and/or negligently inflict injuries to citizens, such as the Plaintiff's decedent herein.

172. By reason thereof, Defendants violated 42 U.S.C. §1983 and caused Plaintiff's decedent to suffer physical injuries, emotional distress, mental anguish, the loss of his constitutional rights and death.

## TWENTY FOURTH CLAIM AGAINST NEWLY ADDED DEFENDANTS (DELIBERATE INDEFFERANCE)

173. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 172 of the Complaint as if incorporated and reiterated herein.

174. Defendants were deliberately indifferent to Plaintiff's decedent's serious medical condition within the meaning of the Eighth and Fourteenth Amendments to the United States Constitution.

175. By reason thereon, Defendants have violated 42 U.S.C. Section 1983 and caused Plaintiff's decedent, GEORGE ZAPANTIS, to suffer the loss of his constitutional rights, severe physical injuries, conscious pain and suffering including a cardiac arrest, emotional and psychological distress and horror and fear of his impending death, and ultimately his death.

**TWENTY FIFTH CLAIM AGAINST NEWLY ADDED DEFENDANTS**
**(STATE - MEDICAL MALPRACTICE)**

176. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 172 of the Complaint as if incorporated and reiterated herein.

177. Defendant, FLUSHING HOSPITAL AND MEDICAL CENTER and NEW YORK PRESBYTERIAN/QUEENS, its agents, servants and/or employees operated, maintained, managed, controlled and supervised the aforesaid emergency medical response team, which held itself out to the public at large and, more particularly, to the plaintiff herein, as qualified and capable of rendering adequate emergency medical treatment to the public at large and, under the color and authority of state law, for such purposes hired EMTs/Paramedics, specifically EMT ADONAY GONZALEZ, EMT CHRISTOPHER EATON, PARAMEDIC AARON EMMONS, PARAMEDIC NICHOLAS PAPAGIANAK and other personnel.

178. That defendants, FLUSHING HOSPITAL AND MEDICAL CENTER and NEW YORK PRESBYTERIAN/QUEENS, specifically, EMT ADONAY GONZALEZ, EMT CHRISTOPHER EATON, PARAMEDIC AARON EMMONS, PARAMEDIC NICHOLAS PAPAGIANAK, their agents, servants, physicians, EMTs/Paramedics and/or employees, under the color and authority of state law, rendered emergency medical care/treatment, including but not limited to treatment to plaintiff following his assault, battery and tasering, in a negligent, reckless and careless manner not in accordance and conformity with good and accepted medical/surgical practice and procedure and committed medical malpractice.

179. By reason thereof, Defendant FLUSHING HOSPITAL AND MEDICAL CENTER and NEW YORK PRESBYTERIAN/QUEENS caused Plaintiff's decedent to suffer physical

injuries, emotional distress, mental anguish, the loss of his legal rights and death.

180. Because defendants EMTs/Paramedics acted within the course and scope of their duties as agents, servants and/or employees of the Defendant FLUSHING HOSPITAL AND MEDICAL CENTER and NEW YORK PRESBYTERIAN/QUEENS, and under the color of state law, Defendants FLUSHING HOSPITAL MEDICAL CENTER, NEW YORK PRESBYTERIAN/QUEENS are also liable under this claim based on a theory of *respondeat superior*.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiffs demand judgment against Defendants as follows:

    i.      On the first claim, actual and punitive damages in an amount to be determined at trial;

    ii.      On the second claim, actual and punitive damages in an amount to be determined at trial;

    iii.      On the third claim, actual and punitive damages in an amount to be determined at trial;

    iv.      On the fourth claim, actual and punitive damages in an amount to be determined at trial;

    v.      On the fifth claim, actual and punitive damages in an amount to be determined at trial;

    vi.      On the sixth claim, actual and punitive damages in an amount to be determined at trial;

vii.     On the seventh claim, actual and punitive damages in an amount to be determined at trial;

viii.    On the eighth claim, actual and punitive damages in an amount to be determined at trial;

ix.      On the ninth claim, actual and punitive damages in an amount to be determined at trial;

x.       On the tenth claim, actual and punitive damages in an amount to be determined at trial;

xi.      On the eleventh claim, actual and punitive damages in an amount to be determined at trial;

xii.     On the twelfth claim, actual and punitive damages in an amount to be determined at trial;

xiii.    On the thirteenth claim, actual and punitive damages in an amount to be determined at trial;

xiv.     On the fourteenth claim, actual and punitive damages in an amount to be determined at trial;

xv.      On the fifteenth claim, actual and punitive damages in an amount to be determined at trial;

xvi.     On the sixteenth claim, actual and punitive damages in an amount to be determined at trial;

xvii.    On the seventeenth claim, actual and punitive damages in an amount to be determined at trial;

xviii.   On the eighteenth claim, actual and punitive damages in an amount to be

determined at trial;

xix.    On the nineteenth claim, actual and punitive damages in an amount to be determined at trial;

xx.     On the twentieth claim, actual and punitive damages in an amount to be determined at trial;

xxi.    On the twenty first claim, actual and punitive damages in an amount to be determined at trial;

xxii.   On the twenty second claim, actual and punitive damages in an amount to be determined at trial;

xxiii.  On the twenty third claim, actual and punitive damages in an amount to be determined at trial;

xxiv.   On the twenty fourth claim, actual and punitive damages in an amount to be determined at trial;

xxv.    On the twenty fifth claim, actual and punitive damages in an amount to be determined at trial;

xxvi.   Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

xxvii.  Such other relief as the Court deems just and proper.

Dated: New York, New York
        February 24, 2023

                              Antin, Ehrlich & Epstein, LLP
                              Attorneys for Plaintiffs


                    By:     _____
                              Scott W. Epstein [SWE 5245]
                              49 West 37th Street, 7th Floor

New York, NY 10018
212-221-5999