United States District Court
Eastern District of New York

------------------------------------X

Athanasia Zapantis (Administratrix
of the Estate of George Zapantis)
and the Estate of George Zapantis,   **Order Adopting Report and Recommendation**

          *Plaintiffs*,
                                      No. 21-cv-005138 (KAM) (LB)

  - against -

The City of New York, *et al*.

          *Defendants*.

------------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

On November 10, 2024, this Court referred to Magistrate Judge Bloom plaintiffs' motion for approval of the parties' settlement. (ECF No. 110.) The Court has reviewed Magistrate Judge Bloom's thorough and well-reasoned Report and Recommendation ("R&R") to approve the parties' settlement. (ECF No. 113.) The R&R is adopted as modified by this Memorandum & Order.

## BACKGROUND

The two plaintiffs in this case represent the estate of George Zapantis[1] and brought a wrongful death and civil rights action against the City of New York and certain New York Police Department ("NYPD") officers. Plaintiffs filed an initial complaint on September 15, 2021, (ECF No. 1), followed by two

---

[1] There are two plaintiffs in this case: the estate of George Zapantis and Mr. Zapantis's mother Athanasia Zapantis, the administrator of his estate.

amended complaints on February 24, 2023 (ECF No. 45), and September 1, 2023 (ECF No. 80).  Plaintiffs allege that George Zapantis, a 29 year-old man, "was viciously assaulted and battered by numerous members of the NYPD assigned to the 109th Precinct, inclusive of multiple instances of him being assaulted with a taser gun."  (*Id.* at 6.)  Plaintiffs further allege the NYPD officers used "excessive physical force in throwing him to the ground … [and] sat on top of him and continually assaulted him, which resulted in the suffering of a cardiac arrest and then to his death."  (*Id.* at 8.)  Plaintiffs alleged 16 federal and state counts related to this tragic incident.  (ECF No. 80.)

After an unsuccessful private mediation, the parties ultimately settled the case on July 11, 2024.  (*See* Dkt. Entry, July 11, 2024.)  Plaintiffs then moved for judicial approval of the parties' settlement.  (ECF No. 110.)  This Court referred the motion to Magistrate Judge Bloom who issued an R&R, (ECF No. 113), recommending this Court approve the parties' settlement.  Plaintiffs' counsel filed one minor objection to the R&R, (ECF No. 114), contesting the denial of $2,528.41 of reimbursements for filing fees incurred by plaintiffs' counsel at the Queens County Surrogate's Court (ECF No. 113, at 5).

**LEGAL STANDARD**

In reviewing an R&R, this Court "shall make a *de novo* determination of those portions of the report … to which [an]

2

objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* This Court is "permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." *Batista v. Walker*, No. 94 CIV. 2826 (SS), 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) (internal quotations and brackets omitted). "[T]he district court need only satisfy itself that there is no clear error on the face of the record." *Argila v. Mach Grp., Inc.*, 724 F. Supp. 3d 107, 109 (E.D.N.Y.), *on reconsideration in part,* 740 F. Supp. 3d 128 (E.D.N.Y. 2024) (internal quotations omitted).

## DISCUSSION

This Court first reviews plaintiffs' sole objection to the R&R *de novo* and then reviews the remainder of the R&R for clear error.

### I.   Court Fees

The sole objection to the R&R concerns whether plaintiffs' counsel should be reimbursed for Surrogate's Court filing fees. The R&R relies on *Fair v. United States*, No. 12-CV-6062 (MKB), 2014 WL 2862658 (E.D.N.Y. June 23, 2014) to recommend denial of reimbursements for Surrogate's Court filing fees. In *Fair*, the attorney for the estate of the decedent "ha[d] not sufficiently explained why" he was entitled to reimbursement of

3

court fees "for a surrogate court proceeding." *Id.* at \*2. The Court in *Fair* noted that the "[p]laintiff has failed to provide *any* evidence of the alleged cost" of Surrogate's Court filings. *Id.* at n.3. (emphasis added). In the absence of "any" evidence of payment for Surrogate's Court filing fees, the Court reasonably denied reimbursement.

Here, however, plaintiffs' counsel has offered bank records, (*see* ECF No. 112, at 20), and screenshots of email receipts, (*see, e.g.*, ECF No. 112, at 21-23), documenting the court costs he paid to the Queens County Surrogate's Court. Further, under New York state estate law, plaintiffs' counsel "*shall* continue to serve as attorney for the estate until the entry of a final decree in the surrogate's court." NY Est Pow & Trusts L § 5-4.6(a)(3) (2024) (emphasis added). Given that plaintiffs' counsel has this continued statutory responsibility and has appropriately documented his Surrogate's Court filing fees, the Court finds that plaintiffs' counsel is entitled to reimbursement for Surrogate's Court filing fees in the amount of $2,528.41.

**II. Attorney's Fees**

The Court has reviewed the remainder of the R&R for clear error. The Court finds only one minor error. The R&R approves "a contingency fee of one-third of the net sum recovered," (ECF No. 113, at 4), consistent with the retainer agreement between plaintiffs and plaintiffs' counsel (ECF No. 110-1, at 24). But

4

the applicable New York state regulation,[2] 22 N.Y.C. R.R. 603.25(e)(2), caps attorney's fees at "[a] percentage not exceeding 33% of the sum recovered." One-third (33.333…%) slightly exceeds the regulatory maximum of 33%. Because the R&R recommends an attorney's fee exceeding the regulatory maximum (by one-third of one percent (0.333…%)), the Court will reduce the attorney's fee to 33% to conform to the regulatory maximum.

### III. Revised Calculations

The total settlement payment agreed upon by the parties is $550,000. (ECF No. 110-2, at 2.) Plaintiffs' counsel is entitled to reimbursement for litigation costs in the amount of $23,253.72, inclusive of Surrogate's Court filing fees.[3] Of the remaining $526,746.28, plaintiffs' counsel is entitled to 33% of that amount as attorney's fees, totaling $173,826.27. Plaintiffs' recovery is in the amount of $352,920.01.

---

[2] For wrongful death actions, the Court applies New York state law to determine appropriate attorney's fees. *See* Local Civil Rule 83.2(b)(2) ("In an action for wrongful death … [t]he Court shall approve an attorney's fee only upon application in accordance with the provisions of the New York State statutes and rules.").

[3] Pursuant to 22 N.Y.C. R.R. 603.25(e)(3)(i) and the retainer agreement between plaintiffs and counsel, (ECF No. 110-1, at 24), litigation costs shall be reimbursed and deducted from the gross sum prior to calculation of attorney's fees.

5

## **CONCLUSION**

The R&R, (ECF No. 113), is adopted as modified. Subject to the corrected calculations as provided in this Memorandum & Order, the parties' settlement is approved, and plaintiffs' motion to approve the parties' settlement, (ECF No. 110), is granted.

**So ordered.**

Dated:   May 16, 2025
         Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York